THE NEW BRUNSWICK.[1]

PASSANO *v.* THE NEW BRUNSWICK.

*(District Court, E. D. New York. July 24, 1890.)*

ADMIRALTY—DAMAGE BY STEAMER'S SWELLS—EVIDENCE.

Suit was brought against a steam-boat to recover damages alleged to have been caused to a canal-boat, while loading at a dock, by the swell of the steamer. It appeared that while the canal-boat was loading she sprung a leak and sank, and that the leak was discovered about the time the steamer passed. The captain of the canal-boat and his wife testified that they felt a jar on the boat which the captain attributed to the swell of the steamer. The men engaged in loading the canal-boat did not notice any swell. *Held*, that it was not proved that the damage sued for was caused by the swell of the steamer, and the libel should be dismissed.

In Admiralty.

Suit to recover damages alleged to have been caused to a canal-boat by the swells of the steam-boat New Brunswick.

*Carpenter & Mosher*, for libelants.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

*Hyland & Zabriskie,* for claimants.

BENEDICT, J.   This action is brought to recover for damages done to the canal-boat Herbert I. Davis, while loading iron pipes at the pipe dock at Elizabethport, by a swell in the water, alleged to have been caused by the steam-boat New Brunswick in passing.   It is proved that the canal-boat Herbert I. Davis, while taking in heavy iron pipes at the pipe dock, suddenly sprung a leak, and sank before her master was able to get her to the dry dock.   It is also true that this leak was discovered about the time the steam-boat New Brunswick passed the pipe dock on her way to New York.   But it is not proved that it was a swell from the New Brunswick that caused the leak.   The captain of the boat and his wife testify to a jar felt on the boat, which the captain at the time attributed to the swell of the New Brunswick, and he infers that this jar arose from a swell, and that this swell caused the boat to spring a leak.   Several other witnesses engaged at the time in handling the pipes noticed no swell, and it is hardly conceivable that a swell sufficient to drive this new boat against the dock with such force as to start off the boat's bottom could have escaped the attention of all but the captain and his wife.   Furthermore, the captain testifies that when he felt the jar he was on his knees, talking to the men in the hold about putting in two more pipes to give the boat a proper trim, while the evidence from the men makes it plain that the leak was discovered by them before the captain came to the hatch, and that he was there because of a call from them that the boat was leaking.   This shows that the swell that is claimed to have been made by the New Brunswick, and to have been the cause of the leak, came after the leak had been discovered, and the captain called to attend to it.   Moreover, the testimony from the steam-boat as to the depth of water there, the width of the channel, and the usual course of the boat, is sufficient to repel any inference that she caused an alleged swell, in the absence of any direct proof of the fact.

The opinion formed at the trial has been confirmed by reading all the evidence at the time of rendering this decision, and I am clear that the libel must be dismissed upon the ground that it is not proved that the damage sued for was caused by the steamer's swell.